[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-11282

Non-Argument Calendar

_____

1816 E. WOOD LAND TRUST,
ACM TRUST,
AEGIS 13TH AVE TRUST,
AEGIS ASSET SECURITIZED, LLC,
AEGIS ASSET TRUST, et al.,

Plaintiffs-Appellants,

*versus*

BUDDY DWIGHT FORD,

Defendant-Appellee.

_____

2                     Opinion of the Court                24-11282

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cv-02084-MSS-NHA

_____

Before ROSENBAUM, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

Buddy Ford's motion to dismiss this appeal for lack of jurisdiction is GRANTED and this appeal is DISMISSED.

This appeal challenges the district court's order denying Appellants' motion to remand the case to state court pursuant to the mandatory abstention provision in 28 U.S.C. § 1334(c)(2) and granting Ford's motion to refer the case to the bankruptcy court.

Appellants assert that 28 U.S.C. § 1334(d) authorizes an immediate appeal of the district court's order. We disagree. Section 1334(d) excepts certain abstention decisions—decisions to not abstain made under § 1334(c)(2)—from the general rule that any abstention decision in an action brought under § 1334 "is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title." 28 U.S.C. § 1334(d). Section 1334(d) thus simply indicates that a decision not to abstain can be reviewed if jurisdiction otherwise exists under 28 U.S.C. §§ 158(d), 1291, or 1292; it does not provide an independent source of appellate jurisdiction. *Id.*

We do not have jurisdiction under any of those statutes. First, we lack jurisdiction under §§ 158(d) and 1291 because the

district court's order is not a final decision that ended the litigation on the merits. *See* 28 U.S.C. § 158(d) (providing this Court with jurisdiction to review final decisions by district courts in bankruptcy cases); 28 U.S.C. § 1291 (providing this Court with jurisdiction to review final decisions of the district courts generally); *see also Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022). The district court did not resolve any of Appellants' substantive claims, and the case is now proceeding before the bankruptcy court.

We also lack jurisdiction to review the district court's order under the collateral order doctrine, which is a practical construction of § 1291's final decision rule, because the order is not effectively unreviewable on appeal from a final judgment. *See Plaintiff A v. Schair*, 744 F.3d 1247, 1253 (11th Cir. 2014); *Acheron*, 22 F.4th at 989. Following entry of a proper final judgment, Appellants may argue on appeal that the district court should have abstained under § 1334(c)(2), and we can entertain the argument at that time. To the extent the parties will be inconvenienced by having to await final judgment, that is not sufficient to warrant immediate appellate review. *See Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 436 (1985) ("[T]he possibility that a ruling may be erroneous and may impose additional litigation expense is not sufficient to set aside the finality requirement imposed by Congress.").

Finally, § 1292 does not confer jurisdiction over this appeal either. The district court's order does not fit within any of the exceptions to the finality rule provided in § 1292(a), and the district

4                    Opinion of the Court                    24-11282

court did not certify the order for interlocutory appeal under § 1292(b).  *See* 28 U.S.C. § 1292(a), (b).